UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
KHALID AWAN,

                              Plaintiff,

          -against-

UNITED STATES OF AMERICA,

                              Defendant.
----------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★    JUN 28 2012    ★

LONG ISLAND OFFICE

MEMORANDUM & ORDER
09-CV-0356(JS)

APPEARANCES
For Plaintiff:     Khalid Awan, pro se
                   50959-054
                   USP/CMU Marion
                   P.O. Box 1000
                   Marion, IL 62959

For Defendant:     Christopher Allen Ott, Esq.
                   United States Attorney's Office
                   610 Federal Plaza
                   Central Islip, NY 11722

SEYBERT, District Judge:

          Presently pending before the Court is pro se Plaintiff

Khalid Awan's motion pursuant to Rule 41(g) of the Federal Rules

of Criminal Procedure for the return of the property that he

forfeited pursuant to a Plea Agreement entered in United States

v. Hussain, No. 01-CR-1328(JS) (E.D.N.Y.).   For the following

reasons, Plaintiff's motion is DENIED.

                          BACKGROUND

          On March 17, 2003, Petitioner pled guilty to a

Superceding Indictment charging a violation of 18 U.S.C. § 1029.

Pursuant to his Plea Agreement, Petitioner waived any challenge

to the guilty plea and conviction. Petitioner also agreed to the entry against him of a forfeiture money judgment in the amount of $306,785.22 pursuant to 18 U.S.C. § 982(a)(2)(B). The following exchange took place between Plaintiff and the Court during his guilty plea:

> THE COURT: Additionally, sir, do you understand that you are agreeing to this preliminary order of forfeiture, and that you will fully assist the government in locating and obtaining any other forfeited properties as indicated in this plea agreement?
>
> THE DEFENDANT: Yes, ma'am.
>
> . . .
>
> THE COURT: Additionally, you are waiving all constitutional, legal and equitable defenses with regard to the forfeiture of this property, including double jeopardy or statute of limitations, venue, or any ex post facto application, and you agree that you are giving up any defenses under the Eighth Amendment in terms of excessive fines, or anything of that sort? Do you realize that, sir?
>
> THE DEFENDANT: Yes, your honor.

(Pl. Traverse Ex. 9.)

The Court entered the forfeiture money judgment on October 28, 2004 in the agreed upon amount of $306,785.00. In addition, the Court sentenced Petitioner to sixty months imprisonment, which was within his appellate waiver.

DISCUSSION

Notwithstanding the plea agreement, Plaintiff now moves the Court for the return of the forfeited property on the grounds that: (1) there was no probable cause to support forfeiture; (2) the amount of forfeiture constitutes an excessive fine in violation of the Eighth Amendment; and (3) he was denied his Sixth Amendment right to trial. However, the Second Circuit has long recognized that under no circumstances "may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993); accord United States v. Karimu, No. 11-CV-0468, 2012 WL 1847847, at *2 (2d Cir. May 22, 2012).

Plaintiff asks this Court to disregard his plea agreement because it was entered under duress, stating that he only accepted the "draconion [sic] condition of the unilateral plea agreement" which "was contingent upon forfeiture of his entire estate" because he was "in desperation and state of hopelessness after over 17 months abusive [sic] jail-time with no end in sight." (Pl. Mot. 14.) While a plea agreement must be entered knowingly and voluntarily to be valid and

3

enforceable, Boykin v. Alabama, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), "being forced to choose between unpleasant alternatives is not unconstitutional," United States v. Kaczynski, 239 F.3d 1108, 1115-1116 (7th Cir. 2001) (citing United States v. Brady, 397 U.S. 742, 750, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970); cf. Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978) ("While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'--and permissible--'attribute of any legitimate legal system which tolerates and encourages the negotiation of pleas.'" (quoting Chaffin v. Stynchcombe, 412 U.S. 17, 31, 93 S. Ct. 1977, 36 L. Ed. 2d 714 (1973)).

Further, the Court already addressed the validity of the Plea Agreement when it denied Plaintiff's petition for a writ of error coram nobis, finding that Plaintiff had "agreed to forfeiture as part of the [Plea] [A]greement and that he knowingly and voluntarily waive[d] his right to a jury trial on the forfeiture of [certain assets]." Awan v. United States, No. 09-CV-0359, 2009 WL 3245884, at *4 (E.D.N.Y. Sept. 30, 2009) (third and fourth alterations in original) (internal quotation marks and citation omitted).

4

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     June 28, 2012
           Central Islip, NY